UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIE-ROSE GOBA

                                     Plaintiff,

             -against-

CITY OF NEW YORK; and individually and in their
official capacity as New York City Police Officer
STEPHANI HLAPATSOS (Shield No. 19494),
and Police Officers JOHN DOE(s) 1-4

                                     Defendants.
------------------------------------------------------------------------x

**14 CV 2522**

COMPLAINT
AND DEMAND FOR
JURY TRIAL

*(Judge McMahon)*

*RECEIVED APR 09 2014 U.S.D.C. S.D. N.Y.*

       Plaintiff Marie-Rose Goba, by her attorney, the Urban Justice Center, complaining of defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions and laws of the United States and the State of New York.

### JURISDICTION

       2.    This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

       3.    Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

### VENUE

1

4. Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) because the events giving rise to those claims occurred and arose in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Marie-Rose Goba is a 53 year-old resident of New York, New York, and a licensed New York City mobile food vendor.

7. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.

8. Defendant Police Officer Stephani Hlpatsos is sued in her individual and official capacity. She was at all times relevant to this action a police officer employed by the City of New York, acting within the scope of her employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

9. Defendant Police Officers John Doe(s) are sued in their individual and official capacity as New York City police officers and acted within the scope of their employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTUAL AND GENERAL ALLEGATIONS

10. Plaintiff is a licensed mobile food vendor who sells mangos in Manhattan. Plaintiff has been a vendor for approximately one and a half years. She came to the United States

from France eight years ago and lives in Manhattan with her 23 year-old son who is pursuing studies in medicine.

11. Plaintiff sells mangos in different locations in Manhattan. Beginning in September of 2013 Plaintiff's primary vending location was on 28th Street and Broadway.

12. On October 9, 2013 Plaintiff arrived at 28th Street and Broadway at approximately 12 P.M and began vending mangos. At approximately 5:30 P.M. one New York City Police Officer approached Plaintiff and directed her to move her vending location from 28th Street and Broadway to the corner of 28th Street and 6th Avenue. Plaintiff explained to the officer that approximately one month prior she had been told by other police officers that she could vend on 28th Street and Broadway but the officer still demanded Plaintiff move. Plaintiff complied with the officer's request and moved from 28th Street and Broadway to 28th Street and 6th Avenue.

13. Plaintiff moved to 28th Street and 6th Avenue until 6 P.M. when Plaintiff moved to 32nd Street and 6th Avenue, a legal vending location.

14. At approximately 7 P.M. Defendant Hlapatsos approached Plaintiff and demanded that Plaintiff produce her mobile food vending license. Plaintiff produced her valid NYC Department of Health & Mental Hygiene mobile food vending license for the Defendant officer. A copy of that license is attached hereto as Exhibit A. She also provided Defendant Hlapatsos with a copy of her Certificate of Authority to collect sales tax in New York State. A copy of the Certificate of Authority is attached hereto as Exhibit B. Plaintiff also explained to the Defendant officer that her accompanying ID badge had recently been stolen from her in New Jersey. A copy of the New Jersey Police Department Investigation Report detailing the theft of Plaintiff's bag and its contents attached hereto as Exhibit C.

15. Defendant Hlapatsos left Plaintiff momentarily to place a phone call. Defendant Hlapatsos returned to Plaintiff and told her that she could not vend on 32nd Street and 6th Avenue. Defendant Hlapatsos and four other officers (hereinafter "Defendant Officers") confiscated Plaintiff's cart and mangos and placed Plaintiff under arrest. Plaintiff's cart and its contents were never recovered.

16. Plaintiff was charged with violating Section 17-307(a)(i), which prohibits any individual from acting as a food vendor without having first obtained a Department of Health & Mental Hygiene license. She was released from the precinct at approximately 9:30 PM. The criminal charges against Plaintiff were later dismissed.

17. Plaintiff was not vending without a valid license. Plaintiff was the holder of a current and valid mobile food vendor license issued by the New York City Department of Health & Mental Hygiene in compliance with §17-307(a)(i) of the Administrative Code of the City of New York.

18. Defendant police officers arrested Plaintiff without probable cause.

19. Plaintiff was held in custody for several hours.

20. The Defendant Officers knew or should have known that they had no right to arrest Plaintiff or seize her pushcart or remove or destroy its contents.

21. The arrest of Plaintiff and the seizure and destruction of her property was performed under color of law, within the scope of the Defendant Officers employment and authority, and for whose acts the Defendant City is liable under the theory of *respondeat superior*.

22.   The arrest of Plaintiff and the seizure and destruction of her property violated clearly established rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, and was the direct and proximate cause of her damages.

23.   The actions of the Defendant Officers were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

24.   As a direct and proximate cause of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

    a.   Violation of her rights under the Fourth, Fifth, and Fourteenth Amendment of the U.S. Constitution; and

    b.   economic damages including loss of property and loss of income.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNREASONABLE SEIZURE

25.   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

26.   By their conduct, under color of law, defendants deprived Plaintiff of her constitutional right to be free from unreasonable searches and seizures by seizing her pushcart and discarding its contents.

### COUNT II – 42 USC § 1983 – UNLAWFUL ARREST

27.   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

28. Defendant Officers unlawfully arrested Plaintiff, intended to confine her, and confined her without probable cause to believe that Plaintiff had committed any offense or violated the law.

29. Plaintiff was aware of her confinement as she was placed in a holding cell on October 9, 2013 at 7:00 P.M. until 9:30 P.M. on October 9, 2013 without her consent or any reasonable justification.

## COUNT III – 42 USC § 1983 – PROCEDURAL DUE PROCESS

30. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

31. By their conduct, under color of law, defendants deprived Plaintiff of her property without due process of law.

## COUNT IV – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

33. By their conduct, under color of law, defendants denied Plaintiff her right to due process by depriving her of her property and arresting her for arbitrary or irrational reasons.

## COUNT V – 42 USC § 1983 – MONELL CLAIM

34. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

35. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors selling at lawful locations, which caused the violation of Plaintiff's rights.

36. It was the policy and custom of the City to train, supervise and discipline officers, including the defendant officers, inadequately with respect to the rights of licensed street vendors selling at lawful locations, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

37. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which she suffered damages.

WHEREFORE, plaintiff requests the following relief jointly and severally as against all the defendants:

1. Award compensatory damages in an amount to be determined at trial;
2. Award punitive damages in an amount to be determined at trial;
3. Disbursements, costs, and attorneys' fees; and
4. For such other and further relief as this Court may seem deem just and proper.

Dated: New York, New York
April 8, 2014

Respectfully submitted,

SEAN BASINSKI / SB3597
Urban Justice Center
*Attorneys for Plaintiff*
123 William Street, 16th Floor
New York, NY 10038
(646) 602-5679 phone
(212) 533-4598 fax

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Marie-Rose Goba, Date of Birth 07/27/1959, SS# 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, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York v. Marie-Rose Goba</u>, Docket No. or Indictment No. 2013CN 009120, in Criminal Court, County of New York, State of New York, relating to my arrest on or about 10/9/2013, may be made available for use in Civil Action Marie-Rose Goba v. City of New York (S.D.N.Y.).

    I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

    I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

    The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

    I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK    )
                                : SS.:
COUNTY OF                )

On this 14 day of March, 2014 before me personally came Marie Rose Goba, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

_____
NOTARY PUBLIC

May 18, 2011